UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEFAN JEREMIAH,<br><br>                          Plaintiff,<br><br>        - against -<br><br>MATCH.COM, LLC and HOWABOUTWE, LLC<br><br>                          Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stefan Jeremiah ("Jeremiah" or "Plaintiff") by and through his undersigned

counsel, as and for his Complaint against Defendants Match.com, LLC ("Match") and

Howaboutwe, LLC ("Howabout" and together with Match "Defendants") hereby alleges as

follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act. This action arises out of Defendant's unauthorized reproduction and public display of a four

(4) copyrighted photographs of a couple who got engaged in the second avenue subway in New

York City during its construction. The photographs are owned by Stefan Jeremiah, a New York

City based photojournalist. Accordingly, Jeremiah seeks monetary relief under the Copyright Act

of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendants because Defendants reside in and does business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Jeremiah is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 231 Norman Avenue, 211, Brooklyn, New York, 11222.  Jeremiah's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Match is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 129 West 29th Street, 10th Floor, New York, NY 10001. At all times material hereto, Match has owned and operated a website at the URL: www.swimmingly.com (the "Website").

7.      Upon information and belief, Howabout is a limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 555 West 18th Street, New York, NY 10011. At all times material hereto, Howabout has owned and operated a website at the URL: www.swimmingly.com (the "Website").

## STATEMENT OF FACTS

### A.      Background and Plaintiff's Ownership of the Photographs

8.      Jeremiah photographed Adam Meagher proposing to his girlfriend Carolyn Grossman in the second avenue subway during its construction (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

9.      Jeremiah then licensed the four (4) Photographs to The New York Post. The New York Post ran an article that featured the four (4) Photographs on its web edition entitled, *Man*

*proposes to girlfriend in unfinished subway tunnel.* See http://nypost.com/2014/05/18/man-proposes-to-girlfriend-in-subway-tunnel/. Jeremiah's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs in the article is attached hereto as Exhibit B.

10. Jeremiah is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

11. The Photographs were given pending United States Copyright number 1-3913634941 attached hereto as Exhibit C.

**B. Defendant's Infringing Activities**

12. Upon information and belief, on or about May 19, 2014, Defendants ran an article on the Website entitled *Man Proposes to Girlfriend inside Unfinished Subway Tunnel.* See http://www.swimmingly.com/relationships/proposals/man-proposes-to-girlfriend-inside-unfinished-subway-tunnel/. The article prominently featured the Photographs. A copy of the Photographs on the article is attached hereto as Exhibit D.

13. Defendants did not license the Photographs from Plaintiff for its article, nor did Match have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST MATCH and HOWABOUT)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Defendants infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendants is not, and has never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16.     The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17.     Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.     Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs.

3.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.     That Plaintiff be awarded pre-judgment interest; and

5.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
       August 16, 2016

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/Richard Liebowitz
                                            Richard P. Liebowitz
                                        11 Sunrise Plaza, Suite 301
                                        Valley Stream, NY 11580
                                        Tel: (516) 233-1660
                                        RL@LiebowitzLawFirm.com

                                        *Attorney for Plaintiff Stefan Jeremiah*